IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY POWERS, ) | No. 2:13-CV-00394-RLM-JEM |
| on behalf of himself and all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| CAMPBELL SOUP COMPANY and ) | |
| AMERICAN HEART ASSOCIATION, INC., ) | |
| ) | |
| Defendants. ) | |

**UNOPPOSED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Defendants, by and through their counsel and with the consent of the Plaintiff, hereby move the Court to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

**I.     BACKGROUND**

The Campbell Soup Company ("Campbell") manufactures a variety of food products, including a line of "Healthy Request" soups.  The American Heart Association ("AHA") operates a program referred to as the "Heart Check" program, under which AHA can certify certain foods meeting AHA's independent Heart Check program nutritional criteria.  Qualifying

131385 / 2211147-1

foods are then able to display AHA's "Heart Check Mark" on their product labeling. Several varieties of Campbell's Healthy Request soups qualify for and display the mark.

In August 2013, two different named plaintiffs filed putative nationwide class actions against Campbell and AHA in the District of New Jersey, alleging that Campbell and AHA violated the New Jersey Consumer Fraud Act by making certain statements, both within the context and outside the context of the sale of Healthy Request soups, that gave consumers the impression that Healthy Request soups bearing the Heart Check Mark qualify as "low sodium" soups having 140 mg. of sodium or less per recommended serving, when they do not. *See O'Shea v. Campbell Soup Co., et al.*, No. 1:13-cv-04887 (D.N.J) (filed Aug. 13, 2013) (attached as Exh. A), and *Waldron v. Campbell Soup Co., et al.*, No. 1:13-cv-05015 (D.N.J) (filed Aug. 20, 2013) (attached as Exh. B). Those plaintiffs allege that as a result of those alleged misrepresentations, they paid a premium for Healthy Request soup bearing the Heart Check Mark. Those plaintiffs also allege claims against Campbell under express warranty and unjust enrichment theories. They seek to represent a nationwide class of individuals who purchased "any Campbell's 'Healthy Request' soup bearing an AHA Heart-Check Mark symbol on its label." Exh. A ¶ 105; Exh. B ¶ 105. Judge Renee Bumb is presiding over both of these lawsuits.

Plaintiff Timothy Powers filed this action on November 4, 2013, Dkt. 1, and filed a First Amended Complaint (the "Complaint") on November 15, 2013, purporting to correct certain pleading deficiencies raised by the Court *sua sponte* subsequent to filing. Dkt. 8, 12 ("Compl."). Campbell and AHA were served with the Complaint on November 14, 2013, and the Amended Complaint on November 21, 2013. The allegations in Powers's Complaint are substantively identical to those made in the earlier-filed *O'Shea* and *Waldron* cases (including bringing a claim under the New Jersey Consumer Fraud Act), although there are minor differences in the claims

that were pled (*i.e.*, in addition to asserting each of the claims alleged in the New Jersey actions, Powers pursues an implied warranty claim against Campbell and adds AHA to the unjust enrichment count).  Compl. ¶¶ 106, 124, 141, 157.  Like the *O'Shea* and *Waldron* plaintiffs, Powers seeks to represent a nationwide class of consumers consisting of "all individuals in the United States . . . who purchased any Campbell's 'Healthy Request' soup bearing an AHA Heart-Check Mark symbol on its label."  Compl. ¶¶ 115, 132, 148, 175.

Given that this action and the previously filed actions in New Jersey are based on the same allegations, counsel for Defendants conferred with counsel for Powers regarding transfer of this case to the District of New Jersey.  The parties agreed that transfer of the case would be convenient for the parties and their potential witnesses and would serve the interests of justice.  Accordingly, Defendants, with Plaintiff's consent, now move the Court pursuant to 28 U.S.C. § 1404(a) for an order transferring this case to the District of New Jersey.

## II.    ARGUMENT

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In conducting this analysis, the Court "focuses on: (1) propriety of venue in both the transferor and transferee districts; (2) whether transfer will serve the convenience of the parties and witnesses; and (3) whether the transfer will serve the interests of justice."  *Zimmer US, Inc. v. Ford*, No. 11-151, 2012 WL 5509804, at *3 (N.D. Ind. Nov. 13, 2012).  Analysis of these considerations demonstrates that transfer is appropriate here.

<u>Venue in Transferor and Transferee Courts</u>:  Although venue is proper in the Northern District of Indiana under 28 U.S.C. § 1391(b)(3), because the Defendants are subject to personal jurisdiction in this District, venue likewise is proper in New Jersey for the same reason.  Thus,

venue may be laid in both the transferor and transferee districts, and this factor does not favor maintaining venue in this District.

      <u>Convenience of Parties and Witnesses</u>:  It is clear—and the parties so agree—that laying venue in the District of New Jersey would serve the convenience of the parties and witnesses.  To compare the convenience of venues, courts look to the following factors: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties."  *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, No. 12-438, 2012 WL 5472143, at *4 (N.D. Ind. Nov. 8, 2012).  Each of these factors favors transfer.

      Powers's initial choice of forum and the situs of material events do not favor preserving venue in this District because Powers seeks to represent a nationwide class and thus, his action is no more naturally situated in this district than it is in any other district.  *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009).  Moreover, New Jersey affords the litigants ready access to relevant information.  Because Campbell is headquartered in New Jersey, laying venue in that district would provide easy access to information Campbell might have.  Further, as is typical, the majority of proof Powers might seek through discovery likely consists of documents that are readily transferrable.  *See Simonoff v. Kaplan, Inc.*, No. 09-5017, 2010 WL 1195855, *2 (N.D. Ill. Mar. 17, 2010).  Transfer to New Jersey would also serve the convenience of the parties and witnesses because Campbell is located in New Jersey, and it is no more convenient for AHA to litigate in Indiana than New Jersey.  The only party arguably inconvenienced by a transfer, Powers, consents.  Particularly because these "convenience" factors are weighed together and none is determinative, *see Omnisource Corp. v. Sims Bros.,*

*Inc.*, No. 08-89, 2008 WL 2756345, at *7 (N.D. Ind. July 14, 2008), the Court should find that transfer to New Jersey will be more convenient for the parties.

Interests of Justice:  Finally, transfer to the District of New Jersey would serve the interests of justice.  The "interests of justice" analysis focuses on "the efficient administration of the court system."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).  In making this inquiry, courts "analyze such factors as trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law."  *Jaramillo*, 664 F. Supp. 2d at 915; *see also Hall v. Miller's Health Sys., Inc.*, No. 12-151, 2012 WL 4748072, at *4 (N.D. Ind. July 12, 2012).

Transfer of this case would ensure that related cases proceed together.  "[Section] 1404(a) was designed to prevent the 'situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts.'"  *Aland v. Kempthorne*, No. 07-4358, 2007 WL 4365340, at *5 (N.D. Ill. Dec. 11, 2007) (quoting *Cont'l Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960)); *see also Health Sys. Int'l, LLC v. Babb*, No. 10-1272, 2011 WL 1004578, at *2 (S.D. Ind. Mar. 18, 2011).  That is precisely the situation here: Powers's Complaint raises the same core of factual allegations and asserts essentially the same claims as the two putative class actions already pending before Judge Bumb in New Jersey.  As a result, transfer of this case to join its sister cases in New Jersey would avoid duplicative motion practice and discovery in parallel actions, and thereby limit the judicial resources needed to manage these cases.  *See Jaramillo*, 664 F. Supp. 2d at 916.  This factor weighs heavily in favor of transfer.

The interests of justice also favor transfer because it likely would result in a speedier resolution of this matter for the litigants.  The New Jersey cases have a three-month head start on

this action and are now at the response stage. If transferred, this action would proceed with those previously filed cases.

The New Jersey district court also has greater familiarity with applicable law in this case. Powers—like the New Jersey complainants—raises a New Jersey Consumer Fraud Action claim. Compl. ¶ 157; Exh. A ¶ 113; Exh. B ¶ 113. While this Court is certainly competent to apply New Jersey law, courts in the District of New Jersey encounter the New Jersey Consumer Fraud Act frequently. This familiarity with New Jersey law weighs in favor of transfer. *See Sub-Micron Sys., Inc. v. Sub-Micron Surfacing, Inc.*, No. 93-3295, 1993 WL 524273, at *11 (N.D. Ill. Dec. 10, 1993).

Accordingly, the foregoing analysis demonstrates that transfer would serve the convenience of the witnesses and parties and the interests of justice.

### III. CONCLUSION

Because the parties so consent, and because transfer is convenient for the parties and witnesses and serves the interests of justice, the Defendants respectfully move the court to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

        Attorneys for Defendant
        American Heart Association, Inc.

        By: /s/ Galen A. Bradley
            Galen A. Bradley
            Attorney No. 18545-64

KIGHTLINGER & GRAY, LLP
8001 Broadway, Suite 100
Merrillville, IN 46410
219/769-0413

          ICE MILLER, LLP

          Attorneys for Defendant
          Campbell Soup Company

          By:   /s/ Philip A. Whistler
                 Philip A. Whistler
                 Attorney No. 1205-49

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100 (Telephone)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on the 5th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all counsel of record.

| | |
|---|---|
| Daniel A Edelman<br>Michelle R. Teggelaar<br>Edelman Combs Latturner & Goodwin, LLC<br>120 S. LaSalle St., Suite 1800<br>Chicago, IL 60603-3403<br>courtecl@edcombs.com<br>mteggelaar@edcombs.com | Philip A. Whistler<br>Ice Miller, LLP<br>One American Square, Suite 2900<br>Indianapolis, IN  46282-0200<br>philip.whistler@icemiller.com |

                              /s/ Galen Bradley
                              Galen Bradley, #18545-64

Kightlinger & Gray, LLP
Merrillville Corporate Center
8001 Broadway, Suite 100
Merrillville, IN  46410


ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200